ORAL ARGUMENT NOT REQUESTED

CAUSE NO. 12-15-00008-CR

IN THE
COURT OF APPEALS
TWELFTH DISTRICT OF TEXAS
TYLER, TEXAS

JEANNE MILES,
Appellant

VS.

THE STATE OF TEXAS,
Appellee

FILED

3-26-2015

Twelfth Court of Appeals
Cathy Lusk
Clerk

Appeal in Cause No. 28114
On Appeal from the Three Hundred Sixty Ninth Judicial District Court
of Anderson County, Texas

BRIEF FOR STATE

M. Brian Evans
Assist. Criminal District Attorney
Anderson County, Texas
Anderson County Courthouse
Palestine, Texas  75801
Texas Bar No. #24082972
903/723-7400

i

## IDENTITY OF PARTIES AND COUNSEL

**JUDGE PRESIDING:**

THE HONORABLE BASCOM W. BENTLEY III

**DEFENDANT/APPELLANT:**

JEANNE MILES

**FOR THE DEFENDANT:**

MARK CARGILL
701 N. ELM
PALESTINE, TEXAS 75801

**FOR THE STATE:**

M. BRIAN EVANS
ASSISTANT CRIMINAL DISTRICT ATTORNEY
ANDERSON COUNTY COURTHOUSE
500 N. CHURCH STREET
PALESTINE, TX  75801
(903) 723-7400

# TABLE OF CONTENTS

**PAGE**

Identity of Parties and Counsel . . . . . . . ii

Table of Contents . . . . . . . . . iii

Index of Authorities . . . . . . . . iv

Statement of the Case . . . . . . . . 1

Issues Presented . . . . . . . . . 1

Statement of Facts . . . . . . . . . 2

Points of Error Restated . . . . . . . 2

Summary of Arguments . . . . . . . 3

State's First Reply to Appellant's Point of Error One . . . 3-4

State's Second Reply to Appellant's Point of Error One . . 4-6

Prayer . . . . . . . . . . . 6

Certificate of Service . . . . . . . . 6

# INDEX OF AUTHORITIES

**Cases**                                                               **Page**

*Davis v. State*, 905 S.W.2d 655 (Tex. App.-Texarkana 1995, pet. ref'd)     4

*Harris v. State*, 656 S.W.2d 481 (Tex. Crim. App. 1983) .      .      .     4

*Jackson v. State*, 989 S.W.2d 842 (Tex. App.-Texarkana 1999, no pet.)     5

*Jordan v. State*, 495 S.W.2d 949 (Tex. Crim. App. 1973) .      .      .     4

*McGruder v. Puckett*, 954 F.2d 313 (5th Cir.) cert. denied,
506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992)     .      .      .     4, 5

*Rhoades v. State*, 934 S.W. 2d 113, 120 (Tex. Crim. App. 1996).      .     3

*Rummel v. Estell*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).     5

*Smith v. State*, 256 S.W.3d 341, (Tex. App.—San Antonio 2007, no pet.)     3

*Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 2001, 77 L.Ed.2d 637 (1983) .     5

**Statutes and Rules**

Tex. Penal Code Ann. § 481.115(b).    .      .      .      .      .      .     3, 4

Tex. R. App. P. 33.1          .      .      .      .      .      .      .     3

## STATEMENT OF THE CASE

The Reporter's Record will be referred to as "RR" unless otherwise noted. The Clerk's Record will be referred to as "CR" unless otherwise noted. Appellant's Brief will be referred to as "AB" unless otherwise noted. Appellee is referred to as "State".

Appellant pleaded guilty to the charge of Possession of Controlled Substance Penalty Group 1, namely, methamphetamine, in an amount less than one gram on March 23, 2006. Appellant was placed on five (5) years community supervision as a result of her guilty plea. Subsequently, Appellant violated her community supervision and pleaded true to the allegations contained in the State's Motion to Adjudicate. The Court sentenced Appellant to two (2) years' incarceration on December 12, 2014.

## ISSUES PRESENTED

**POINT OF ERROR ONE:**

Appellant alleges the trial court committed error in sentencing Appellant because Appellant's sentence was grossly disproportionate when compared to other sentences for the same offense and in light of the facts and circumstances which constituted the revocation. (AB at p. 6).

## STATEMENT OF FACTS

Appellant pleaded guilty to the charge of Possession of Controlled Substance Penalty Group 1, namely, methamphetamine, in an amount less than one gram on March 23, 2006. (CR at pp. 10-16). Appellant reached an agreement with the State and her adjudication of guilt was deferred. *Id.* Further, Appellant was placed on five (5) years community supervision as a result of her guilty plea. *Id.* Appellant violated her community supervision and was placed on two (2) years community supervision on March 18, 2013 as a result of her plea of true to the State's Motion to Adjudicate. (CR at pp. 42-48). Appellant once again violated her community supervision by failing to report and pay for certain costs. (CR at pp. 53-56). Appellant plead true to the allegations contained in the State's Motion to Adjudicate on December 12, 2014. (RR at pp. 2-3). The Court sentenced Appellant to two (2) years in the Texas Department of Criminal Justice-State Jail Division. (RR at pp. 15-16).

## POINT OF ERROR ONE RESTATED:

The trial court erred when it sentenced Appellant to two (2) years incarceration because that sentence was grossly disproportionate when compared to other sentences for the same offense and in light of the facts and circumstances which constituted the revocation. (AB at p. 6).

-2-

## SUMMARY OF ARGUMENT

**FIRST REPLY TO POINT OF ERROR ONE:**

Appellant waived his right to appellate review by failing to object to the trial court's sentence and by failing to complain in a motion for new trial.

**SECOND REPLY TO POINT OF ERROR ONE:**

The trial court did not err in assessing Appellant two (2) years in the Texas Department of Criminal Justice-State Jail Division as Appellant's sentence is not grossly disproportionate and within the range of punishment. Furthermore, Appellant did not provide evidence of other sentences for comparison.

## STATE'S FIRST REPLY TO APPELLANT'S POINT OF ERROR ONE

Possession of Controlled Substance Penalty Group 1 in an amount less than one gram is a state jail felony with a range of punishment of one hundred eighty (180) days to two (2) years in the Texas Department of Criminal Justice-State Jail Division. Tex. Penal Code Ann. § 481.115(b).

"To preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection and obtain a ruling." *Smith v. State*, 256 S.W.3d 341, 343 (Tex. App.—San Antonio 2007, no pet.); *see also Rhoades v. State*, 934 S.W. 2d 113, 120 (Tex. Crim. App. 1996); Tex.R.App.P. 33.1. Appellant did not object to the trial court that her sentence is cruel and unusual. Appellant gave no reason why punishment should not be

- 3 -

imposed. No Motion for New Trial was filed alleging that Appellant's sentence was cruel and unusual. Therefore, Appellant has waived appellate review. Even if Appellant has not waived Appellant review, his sentence did not constitute cruel and unusual punishment.

**STATE'S SECOND REPLY TO APPELLANT'S POINT OF ERROR ONE**

Texas courts have long held that punishment within the statutory range is not cruel, unusual or excessive. See *Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.-Texarkana 1995, pet. ref'd). Appellant was found guilty of a state jail felony with a statutory range of one hundred eighty (180) days to two (2) years in the Texas Department of Criminal Justice-State Jail Division. Tex. Penal Code Ann. § 481.115(b). Appellant's sentence of two (2) years is well within the statutory range prescribed by law. Therefore, her punishment is not per se cruel, unusual or excessive.

Texas courts have used *McGruder v. Puckett*, 954 F.2d 313 (5th Cir.) cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992), to determine if a defendant's punishment is an Eighth Amendment violation against excessive, cruel or unusual punishment. *McGruder*, 954 F.2d 313. Under *McGruder*, the Appellate Court must determine that a sentence is grossly disproportionate to the crime before comparing the sentence to sentences imposed on other criminals for

-4-

similar crimes in the same jurisdiction and the sentences imposed for the commission of the same crime in other jurisdictions. *Id* at 316; see also *Jackson v. State*, 989 S.W.2d 842, 845-46 (Tex. App.-Texarkana 1999, no pet.).

Texas appellate courts often look to *Rummel v. Estell*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) as a benchmark for determining whether a sentence is grossly disproportionate. *Rummel* dealt with a defendant accused of felony theft enhanced under Texas' habitual offender statute. The U.S. Supreme Court found the sentence in *Rummel* to not be grossly disproportionate. *Id.* In comparing the sentence in this case to the sentence assessed in *Rummel*, the punishment in this case is not unconstitutionally disproportionate. The defendant in *Rummel* received a more severe sentence (life) than Appellant received two (2) years Institutional Division for a crime (Theft of $120.75) that is less severe than Appellant's (Possession of a Controlled Substance in Penalty Group 1). Therefore, the remaining elements of *Solem* do not need to be applied. *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 2001, 77 L.Ed.2d 637 (1983).

Furthermore, even assuming the threshold test of gross disproportionality is met, the remaining elements are not met. Appellant has not put forth any evidence of sentences imposed on other criminals in this jurisdiction. Appellant has also not shown the court any sentences that have been assessed in this jurisdiction for similar crimes or similar hearings on motions to adjudicate. Therefore, because the

Court has no other sentences to compare to Appellant's, Appellant's Point of Error One should be denied.

## PRAYER

**WHEREFORE** the Appellee prays that the Court upon consideration hereof affirm the decision of the Trial Court and overrule Appellant's Point of Error One.

Respectfully submitted by,

**M. BRIAN EVANS**
Assistant Criminal District Attorney
Anderson County, Texas
500 N. Church Street, Rm 38
Palestine, Texas 75801
Texas Bar No. #24082972
(903)723-7400

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Brief for the State has been delivered via fax to: **MARK CARGILL**, 701 N. ELM, PALESTINE, TEXAS 75801 on this the 26th day of March, 2015 in accordance with the provisions of the Texas Rules of Criminal and Appellate Procedure. **I also certify that this brief is 1,685 words**.

**M. BRIAN EVANS**
**ASSISTANT CRIMINAL DISTRICT ATTORNEY**